CASE 85—INDICTMENT—FEBRUARY 15.

# Commonwealth v. Minor, &c.

89   555
100  146
89   555
e114 596

APPEAL FROM OWEN CIRCUIT COURT.

1. POWER TO SET ASIDE INDICTMENT.—The court has no power to set aside an indictment, because incompetent testimony was heard by the grand jury.
2. CONVICT MAY TESTIFY.—A convict in the penitentiary is competent

to testify as a witness in a criminal proceeding, unless he has been convicted of some one of the offenses referred to in section 8 of article 8, chapter 29, General Statutes.

Whether the attendance of a convict as a witness can be coerced, is a question not decided.

3. CODES OF PRACTICE.—The provisions of the Civil Code do not apply to criminal procedure, except where expressly so provided.

P. W. HARDIN FOR APPELLANT.

Subsection 8 of section 606 of the Civil Code, which provides that no prisoner in a penitentiary shall testify, does not apply to criminal cases. The General Statutes define who shall be disqualified as witnesses. (Commonwealth v. McGuire, 7 Ky. Law Rep.)

LINDSAY & BOTTS FOR APPELLEES IN PETITION FOR REHEARING.

No brief in record.

1. Under the common law, a felon was not a competent witness. (Cooley's Blackstone, Book 3, side page 370; *Idem*, Book 3, pages 363, 364.)

2. The common law of England is still in force in Kentucky, except in so far as altered or repealed by statute. (Hunt, &c., v. Warwick's Heirs, Hardin, 66; 1st Constitution of Ky., art. 8, sec. 6; 2d Constitution of Ky., art. 6, sec. 8; Collins v. Henderson, 11 Bush, 74; Present Constitution of Ky., sec. 1 of Schedule.)

3. There is no constitutional provision removing the disability of a felon to testify. (Constitution of United States, art. 1, sec. 9; *Idem*, art. 3, sec. 2; present Constitution of Ky., art. 13, secs. 21, 22.)

Nor has the General Assembly done any thing to remove the disability. (Rev. Stats., chap. 107, sec. 5; *Idem*, chap. 27, art. 8, sec. 4; Gen. Stats., chap. 29, art. 8.)

While the statute does not declare all of the common law upon the subject, it is in harmony with the common law as far as it goes, and does not alter or repeal the common law, or any part of it. The Revised Statutes differed from the common law as to the effect of a pardon in certain cases; but that provision has been omitted from the General Statutes.

4. The rule in Broaddus v. Broaddus, 10 Bush, 309, is not applicable to the case at bar. In that case a matter of practice, not a right, was the "creature of the statute." There the statutes merely fixed a tribunal, nothing more—a distinction made in the case of Cornelison v. Commonwealth, 84 Ky., 596.

Besides, the rule in Broaddus v. Broaddus should not be applied in construing the penal and criminal laws. In the administration of those laws, the common law rules of evidence are still in force,

unless changed or abrogated by the Constitution. (Bush v. Commonwealth, 80 Ky., 248. See also Bosley v. Mattingly, 14 B. M., 90; Brace v. Shaw, 16 B. M., 80.)

The cases of Patterson v. Commonwealth, 86 Ky., 315, and Commonwealth v. McGuire, 84 Ky., should not be followed.

5. A felon serving a sentence in the penitentiary can not be removed from the penitentiary by order of any court, and compelled to testify before any grand jury or court. (Criminal Code, secs. 273, 279.)

6. A trial court can inquire as to the competency of evidence heard by the grand jury; and, for error therein, set aside the indictment. (Criminal Code, subsecs. 1, 2 and 3 of section 158; *Idem*, art. 1, chap. 2; *Idem*, secs. 101, 110, 107.)

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

An indictment against appellees for the crime of arson having been found and presented at the May term of the lower court, they moved, at the November term, to set it aside; and it being done, the Commonwealth appeals.

The ground upon which the motion was made and sustained is, as stated in the affidavit of appellees and admitted by the Commonwealth's Attorney to be true, that the testimony, among others, of one Wilson, who was a convict in the penitentiary under conviction and sentence for manslaughter, was heard by the grand jury in regard to the offense for which appellees were indicted.

The first question naturally arising is, whether the lower court had authority to inquire at all about the competency of evidence given before the grand jury, and to set aside the indictment, even if the testimony of Wilson was incompetent?

Section 158, Criminal Code, provides that "the motion to set aside the indictment can only be made on the following grounds: First, a substantial error in

the summoning or formation of the grand jury; second, that some person other than the grand jurors was present before the grand jury when they acted on the indictment; third, that the indictment was not found and presented as required by the Code."

Clearly neither of the first two causes mentioned has any application; nor do we think the last one relates to evidence heard by the grand jury. What is meant by "the finding of an indictment," which is the title of article 1, chapter 2, title 6, appears from the four sections of that article, in none of which is any mention made of the character of evidence or the manner in which it may be heard by the grand jury; but after defining an indictment to be an accusation in writing, found and presented to the court, charging a person with commission of a public offense, as is done in section 118, the remaining sections of the article provide that the concurrence of twelve jurors is required to find an indictment; and, when found, that it must be indorsed "a true bill," and the indorsement signed by the foreman; that when an indictment is found, the names of all witnesses who were examined must be written on it, and that the indictment must be presented by the foreman, in presence of the grand jury, to the court, and filed with the clerk, and remain in his office as a public record. The only provision of the Criminal Code which can be construed to give to the court any semblance of authority, even by implication, to determine as to the competency of evidence heard by the grand jury, is section 107, chapter 1, title 6, as follows: "The grand jury can receive none but legal evidence. They are not bound to hear evidence

for the defendant; but it is their duty to weigh all
the evidence before them, and if they believe other evi-
dence within their reach will explain away the charge,
they should order the evidence produced."

It seems to us the provisions of that section are
merely directory, and that it was intended thereby no
more to give the court the power to revise the action
of the grand jury in respect to the character of evi-
dence received by them than to authorize it to require
or compel them to hear additional evidence that might,
in the opinion of the court, explain away the charge.
But as it is regularly presented, we will pass on the
question, whether a person convicted and under sen-
tence for a felony is competent to testify as a witness.

In the cases of Commonwealth v. McGuire, 84 Ky.,
57, and Patterson v. Commonwealth, 86 Ky., 313, it
was decided that the qualifications of persons to give
evidence as witnesses are regulated exclusively by the
General Statutes, and that all persons may testify ex-
cept those especially excluded by section 8, article 8,
chapter 29. The persons intended by that section to
be disqualified are those who have been convicted of
any one of the offenses mentioned in the article, the title
of which is "Perjury and False Swearing," though,
by oversight, language was used in section 8 which
does not, in fact, comprehend the two principal of-
fenses of perjury and false swearing denounced by sec-
tions 1 and 2, but only those of the same class provided
against in the subsequent sections of the same article.
The omission, however, does not, as held in the two
cases just referred to, result in disqualifying persons
as witnesses who have been convicted of manslaughter,

nor of any other crime besides those enumerated in article 8. We are not aware of any statute making the evidence of a convict in the penitentiary illegal, unless it be section 606, Civil Code, which is as follows: "No prisoner in the penitentiary of this State, or of any other country, shall testify; nor shall any person testify for himself against such prisoner." It seems to us as there is no law providing it be done, that section can not be made applicable to criminal procedure, for the two Codes are wholly and necessarily distinct, and in every instance where it seems to have been intended a section in one of them shall be treated as part of both, it has been so expressly provided. Moreover, the language of and reason for that section shows it was not intended to apply to testimony of, nor of others against, convicts in criminal cases.

Whether, after a convict has, under conviction and sentence for felony, been actually placed at hard labor and in solitary confinement in the penitentiary, his attendance as a witness can be coerced by judicial process, is a question not involved in this case, nor necessary to be decided.

We think, for the reasons stated, the court erred in setting aside the indictment, and the judgment is reversed, and cause remanded with directions to overrule the motion, and for further proceedings consistent with this opinion.