CASE 65—ELLIOTT ARNETT WAS INDICTED FOR MURDER AND CONVICTED
OF VOLUNTARY MANSLAUGHTER AND APPEALS.—JAN. 28.

# Arnett v. Commonwealth.

114  593
f120 300

|114  593|
|119  935|

APPEAL FROM MAGOFFIN CIRCUIT COURT.

DEFENDANT CONVICTED OF MANSLAUGHTER AND APPEALS.—AFFIRMED.

HOMICIDE—INDICTMENT—CONTINUANCE—AFFIDAVIT FOR—DYING DEC-
LARATIONS—COMPETENT WHEN MADE TO WIFE.

Held:  1. It is too late to question an indictment for murder as not
alleging that the killing was feloniously committed on an ap-
peal from a conviction of manslaughter.

2. Where an affidavit in support of a motion for a continuance of
a criminal prosecution failed to state that the witnesses were not
absent by accused's consent or procurement, or where they were,
or what grounds existed for the expectation that their testimony
could be procured, and the facts to be proven would not have
been competent, the continuance was properly refused.

3  A witness giving evidence of a dying declaration in a criminal
prosecution testified that decedent said to her several times
after he was wounded that he did not expect to live; that he
made the declaration on the day he died, and said in the same
conversation that his time was short; and that previous to the
declaration he had been gradually sinking for several days.
HELD, to sufficiently show consciousness of impending death.

4. Civ. Code, section 606, provides that the wife shall be incompetent
to testify, even after the cessation of a marriage relation, to
any communication made to her by her husband during mar-
riage. HELD, that a wife was competent to testify to her hus-
band's dying declaration in a prosecution of his alleged murder-
er, notwithstanding this statute.

D. D. SUBLETT, JAMES ANDREW SCOTT AND B. G. WILLIAMS,
FOR APPELLANT.

1. It can not be reasonably contended that appellant was
guilty of murder, the evidence abundantly showing that de-
ceased brought on the difficulty, therefore, the instruction giv-
ing the jury the right to find appellant guilty of murder was
prejudicial, because it gave a false coloring to the case, caus-

Arnett v. Commonwealth.

ing the jury to look upon it with greater enormity than they otherwise would.

2. The testimony of the wife of deceased as to statements made by him to her in the nature of a dying declaration was incompetent, and, coming as it did from the mourning widow of deceased, was, as it were, a voice from the grave, and therefore highly prejudicial to the appellant.

3. The indictment is defective.

4. The court erred in refusing to grant a continuance to appellant or to permit his affidavit to be read to the jury as the evidence of the absent witnesses.

5. Even if the wife was a competent witness, we contend that the statements made by deceased to her were not up to the rule of "dying declarations."

### AUTHORITIES CITED.

Civil Code, sec. 606; Com. v. Sapp, 90 Ky., 584; Greenleaf on Evidence, sec. 334, note (a) and sec. 158; Kaelin v. Com., 84 Ky., 354; Stroud v. Com., 14 R., 179; Star v. Com., 16 R., 843; Criminal Code, sec. 189; Dulaney v. Com., 18 R., 212; Pace v. Com., 89 Ky., 204; Vaughn v. Com., 86 Ky., 431.

CLIFTON J. PRATT, ATTORNEY GENERAL, AND M. R. TODD, FOR COMMONWEALTH.

1. Counsel objects to the indictment because the word "felonious" is not included as one of the words qualifying the offense. The court will see from the record that no demurrer was filed to the indictment, there was no motion in arrest of judgment, and this ground is not mentioned in the motion for a new trial. If an indictment charges a public offense, although it be bad on demurrer, it is good after verdict. Bronaugh v. Com., 2 Rep., 386; Baldwin v. Com., 2 Rep., 439.

2. The failure of the court to grant a continuance is not presented in the grounds for a new trial.

3. The widow of deceased was a competent witness as to the dying declarations of her husband, and it is clearly shown that the declarations made to her were made under a sense of impending death. Com. v. Matthews, 89 Ky., 287; Peoples v. Com., 87 Ky., 487.

4. The verdict for manslaughter shows that the substantial rights of the accused were not prejudiced by giving the instruction for murder even if it be conceded that the evidence was not sufficient for such an instruction. Galloway v. Com., 7 Rep., 166; Dunlap v. Com., 18 R., 212.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM.

The appellant, Elliott Arnett, was convicted of voluntary manslaughter in the Magoffin circuit court under an indictment charging him with the murder of S. B. Salyer, and his punishment fixed at confinement in the penitentiary for a term of five years. He complains upon this appeal that a number of errors prejudicial to his substantial rights occurred upon the trial, and for which he asks a reversal.

First it is insisted that the indictment under which he was tried and convicted is fatally defective, in that it fails to allege that the killing of Salyer was feloniously committed, and in support of this contention refers us to Kaelin v. Com., 84 Ky., 354 (8 R., 293) 1 S. W., 594. It was held in that case that the lower court erred in overruling the demurrer filed by the defendant to the indictment. But in this case the sufficiency of the indictment was not called in question in the lower court by the defendant in any way; but, on the contrary, the jury were instructed on the theory that the offense was feloniously committed. We think it is too late, after the case has been tried out in the lower court, for a defendant to raise this question for the first time in this court.

Appellant next complains that the trial court erred in overruling his motion for a continuance. The affidavit filed in support of this motion fails to state that the witnesses whose testimony defendant desired to avail himself of were not absent by his consent or procurement, or where they were at that time, or what grounds existed for the expectation that their testimony might be procured if the case was continued. Besides, the alleged facts which he recites he would prove by these absent witnesses would not have been competent if they had been present.

The next and most important ground relied on is that

the court erred in permitting Mrs. Jane Salyer, the widow
of the deceased, to prove an alleged dying declaration which
was made to her a short time previous to his death by her
husband. It is insisted that this testimony was incompetent,
both because it did not sufficiently appear that the dying
declarations were made under a sense of impending death,
and for the additional reason that under section 606 of the
Civil Code "the wife was incompetent to testify even after
the cessation of the marriage relation, to any communica-
tion made to her by her husband during marriage." The
facts relied on to show the admissibility of the dying dec-
laration, as testified to by the witness, are that her hus-
band said to her several times after he was wounded that
he could not get well, did not expect to live; and that he
made the declaration offered in evidence on the day he died;
that he said in the same conversation that his time was
short; that perhaps it was best; that previous to making
the declaration he had been gradually sinking for several
days. To render the statements of a person admissible as
dying declarations, such person need not in express words
declare that he is about to die, or make use of equivalent
language. The essential preliminary fact to be proven to
render it competent is that they were made under a con-
sciousness of impending death; and this may be determined
not only by what he declares on the subject, but also by his
evident danger and surrounding circumstances. The testi-
mony on this point leaves no room to doubt that the de-
ceased realized that he was about to die, and, in our opin-
ion, there was sufficient foundation for the dying declara-
tion. See People v. Com., 87 Ky., 487 (10 R., 517) (9 S.
W., 509, 810) ; Com. v. Matthews, 89 Ky., 287 (11 R., 505)
12 S. W., 333. In the case of Com. v.
Minor, 89 Ky., 555, 11 R., 775, 13 S. W.,
5 this court had before it a question which im-

Arnett v. Commonwealth.

volved subsection 8 of section 606 of the Civil Code, which provides: "No prisoner in the penitentiary of this State, or of any other country, shall testify, nor shall any person testify for himself against such prisoner." And it was held that a convict in the penitentiary was competent to testify as a witness in a criminal proceeding unless he had been convicted of some one of the offenses referred to in article 8 of chapter 29 of the General Statutes. The court said: "It seems to us that the section can not be made applicable to criminal procedure, for the two Codes are wholly and necessarily distinct, and in every instance where it seems to have intended a section in one of them should be treated as a part of both it has been so expressly provided. Moreover, the language of and reason for that section shows it was intended to apply to the testimony of, nor of others against, convicts in criminal cases." And this case was referred to and approved in Hilbert v. Com. (21 R., 537) (51 S. W., 817), where the court said: "On grounds of public policy the wife can not testify against her husband as to what came to her from him confidentially or by reason of the marriage relation, but this rule does not apply to a dying communication made by the husband to the wife on the trial of the one who killed him. The declaration of the deceased made *in extremis* in such cases is a thing to be proven, and this proof may be made by any competent witness who heard the statement. The wife may testify for the State in cases of this character as to any other fact known to her." Greenleaf on Evidence (section 337), in stating the reason for the rule at common law, says: "The great object of the rule is to secure domestic happiness by placing the protecting seal of the law upon all confidential communications between husband and wife, and whatever has come to the knowledge of either by means of the hal-

lowed confidence which that relation inspires can not be afterwards divulged in testimony, even though the other be no longer living." But in section 342 the same author says: "But, though the husband and wife are not admissible as witnesses against each other where either is directly interested in the event of the proceeding, whether civil or criminal, yet in collateral proceedings not immediately affecting their mutual interest, either evidence is receivable." The same rule is announced in Whart. Cr. Ev. (3d Ed.), section 427. It can not be contended that the dying declaration testified to by the witness was a confidential communication made to her; on the contrary, it was evidently made in the furtherance of justice for the express purpose that it should be testified to in the prosecution of the defendant. The rule announced in Scott v. Com., 94 Ky., 511 (15 R., 251) 23 S. W., 219, 42 Am. St. Rep., 371, is not in conflict with this view of the law. In that case the husband was on trial for murder, and the court held a letter written by him to his wife while he was confined in jail to be a confidential communication, and therefore not competent evidence against him. We are therefore of the opinion that it was competent for the wife of the deceased to prove the dying declaration.

The instructions fairly submit the law, and upon the whole we see no error in the record. The judgments must, therefore, be affirmed.

Whole court sitting.