## Gibson v. Commonwealth.

(Decided May 17, 1929.)

J. HENRY TAYLOR and ARTHUR RHORER for appellant.

J. W. CAMMACK, Attorney General, JAMES M. GILBERT, Assistant Attorney General, J. S. GOLDEN, D. M. BINGHAM and W. A. BROCK for appellee.

Opinion of the Court by Drury, Commissionner—
Affirming.

On Sunday, July 22, 1928, Leo Partin was slain.
Millard Gibson was charged by indictment with his mur-
der. On his trial he was found guilty of manslaughter,
and his punishment fixed at 15 years' confinement in the
penitentiary. Gibson admits this homicide, but seeks to
excuse his act on the ground of self-defense. There was
evidence pro and con, and unfortunately for him the jury
believed the witnesses for the commonwealth.

His first ground for reversal is that the court de-
prived him of the benefit of the evidence of Mattie
Daniels and Wheeler Ferguson. He sought a continu-
ance on account of their absence, but this was the fifth
time this case had been set for trial, the attendance of
these witnesses had never been procured, and from the
very first Gibson had been seeking continuances on ac-
count of their absence. The court apparently became
suspicious that they were mythical, and the common-
wealth offered three witnesses, who were examined by
the court, and whose evidence tended to strengthen that
suspicion. Then the defendant and three witnesses on
his behalf were heard. The effect of their evidence was
to take these witnesses out of the realms of mythology;
but none of his witnesses was able to say where these two
wanted witnesses lived, or that they were in the state, so
the court declined to continue the case, sustained a de-
murrer to the affidavit for continuance, and the defendant
alleges that he was thus deprived of the benefit of their
evidence. However, he did not show they were within
the jurisdiction of the court, he had made no effort to take
their depositions, and he failed to state these witnesses
were not absent by his procurement or consent; hence the
action of the court was correct. See Arnett v. Com., 114
Ky. 593, 71 S. W. 635, 24 Ky. Law Rep. 1440; 16 C. J.
500, sec. 920.

His next ground for reversal is that the court erred
in rejecting competent evidence offered by him. The de-
fendant was conducting for Ball Bros. a soft drink estab-
lishment on Log Mountain, which was known as the Silver
Moon. He testified that, about ten days before the kill-
ing, Leo Partin and William Nicholson came to the Silver
Moon, and ran him off, and took charge of the place, and
it was necessary for him to get officers to dislodge them,
and he testified that he regarded Partin as being un-
friendly to him. He sought to prove the details of that

previous difficulty, but the court declined to permit him to do so, and said to the jury: "The testimony about this previous difficulty is admitted only for the purpose of showing the relationship between the deceased and the defendant, and whether it was friendly or unfriendly, for no other purpose." He claims the court erred in making this statement to the jury, that he was not on friendly terms with the deceased, but that was the very thing he had been trying to prove and the very thing to which he had testified, so there is no merit in that contention.

His next ground is this: Defendant had introduced Emmett Monday and J. S. Claiborne and those two witnesses had testified in his behalf and their testimony supported his claim that he acted in his necessary self-defense. The commonwealth then called in rebuttal William Nicholson, William Miller, and James Lewis, and these three witnesses testified that Claiborne and Monday were not present when the difficulty occurred, and he now says the court erred in refusing to admonish the jury that they could only receive the evidence of these three witnesses as impeaching or contradicting the testimony of Monday and Claiborne. One answer to this contention is he did not ask for such an admonition, and did not object to the evidence of these witnesses when it was offered; but, if he had asked it, he was not entitled to such an admonition anyway. This question is thoroughly discussed and disposed of adversely to the defendant's contention in a controversy between one who was perhaps a kinsman of his and the commonwealth; at least he had the same name. We refer to the case of Gibson v. Com., 226 Ky. 186, 10 S. W. (2d) 646.

His final contention is that the court erred in refusing to instruct the jury on the defendant's right to defend the premises of which he was in charge. The failure to give such an instruction was not error. There was no evidence to support it. It is true the deceased and those with him came into the Silver Moon, of which defendant was in charge, but the Silver Moon was maintained as a place of public entertainment and refreshment. It was a place to which the public was invited. There was kept there for sale food and drink, and the deceased and his companions came in for the purpose of buying such, and had bought such when this difficulty arose. They had made no attack on defendant's place of business. He makes no claim that he was defending his place of busi-

ness. His claim is that he was defending his life and in such state of facts the court did not err in failing to give the instruction for which he is now contending. See Banks v. Com., 227 Ky. 500, 13 S. W. (2d) 511; White v. Com., 225 Ky. 596, 9 S. W. (2d) 720.

The judgment is affirmed.