WILLIAM C. BRADLEY *vs.* JAMES W. QUINN, C. T.

JUNE 16, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. After the filing of our opinion overruling defendant's exceptions; this case is before us on defendant's

motion for a reargument on the ground that under the provisions of G. L. 1923, Chap. 342, Sec. 39, the trial justice erred in allowing Lena L. Bradley, widow of William C. Bradley, to testify to conversations with her husband regarding his services for the defendant. This question was not raised at the previous hearing in this court. .

Said section 39, upon which the defendant relies, is as follows: "In the trial of every civil cause, the husband or wife of either party shall be deemed a competent witness: *Provided*, that neither shall be permitted to give any testimony tending to criminate the other or to disclose any communication made to him or her, by the other, during their marriage, except on trials of petitions for divorce (etc.) . . ."

Chapter 1048 of Public Laws 1927, under the provisions of which the testimony of Mrs. Bradley was admitted, is as follows: "A declaration of a deceased person shall not be inadmissible in evidence as hearsay if the court finds that it was made in good faith before the commencement of the action and upon the personal knowledge of the declarant."

Chapter 1048 provides for the admission of declarations of deceased persons. The purpose of Section 39 of Chapter 342 of the General Laws is to "protect the harmony and confidences of husband and wife on the ground of public policy." *Rose* v. *Mitchell*, 21 R. I. 270. Where two statutes are in apparent conflict they should—if reasonably possible —be so construed as to allow both to stand while giving force and effect to each. 59 C. J. 1042.

In several instances this court has held that under certain circumstances communications between husband and wife may be testified to by either of them. In *State* v. *Briggs*, 9 R. I. 361, which involves a situation somewhat similar to that in the case at bar, the court said: "the husband and wife were both witnesses, and both, so far as appears, willing witnesses, and . . . each testified to the facts which are claimed to make the testimony of the other inadmissible. It is not, therefore, a case in which either can properly make

the testimony of the other a ground for conjugal dissension; and consequently it might be urged that the case is not within the rule . . . inasmuch as it is not within the reason of the rule,—*ratione cessante, cessat ipsa lex.*"

It is obvious that this principle is generally applicable to the construction of any rule or statute. It is reiterated in *State* v. *Deslovers,* 40 R. I. 89, in which the court, citing with approval *State* v. *Briggs, supra,* held admissible the testimony of a witness as to the contents of a letter from her husband and overruled an exception on the ground that marital communications were disclosed thereby. While these were criminal cases, in neither was the husband or wife of the witness a respondent and, therefore, the principle enunciated therein is applicable to the instant case.

In *N. Y. Life Ins. Co.* v. *Mason,* 272 Fed. 28, the court has suggested that such statutes must be invoked with discretion rather than inflexibly. "There can be no reason arising out of public policy . . . requiring that every word spoken between husband and wife shall be privileged . . . . No court has ever gone so far as to so hold. The spirit of the rule . . . is that the privilege shall be construed to embrace only the knowledge which . . . but for the marriage relation and the confidence growing out of it would not have been communicated, or which is of such nature or character that to repeat the same would tend to . . . disturb the parties in their marital relations. It is the marital communication, then, that is sought to be protected."

The principle that statements of husband and wife to each other, when not of a confidential nature or likely to provoke marital discord, are admissible is further supported by authorities admitting the testimony of a wife as to dying declarations by her husband. *Hilbert* v. *Commonwealth,* 51 S. W. 817; *Arnett* v. *Commonwealth,* 71 S. W. 635.

It is contended that, in order to pass upon the admissibility of a communication between husband and wife, such an inquiry must be made into the nature of the evidence as

would in itself violate the protection afforded such communications by said section 39. This contention loses all force when raised in a case—such as that before us—where the husband's estate is a party to the suit and calls the witness to testify to facts undoubtedly foreknown to said party. In fact, it may logically be assumed that practically all communications from a man to his wife—his natural confidant—will be favorable rather than adverse to him or to the relationship.

Mrs. Bradley, as administratrix of her husband's estate and thereby charged with the duty of collecting the money owing thereto, testified as a witness in behalf of said estate that her husband had made certain statements to her regarding his dealings with the officials of the city of Woonsocket. This testimony was corroborative of the testimony given by Mr. Bradley at a previous trial of the case during his lifetime. An examination of her testimony absolutely negatives the contention that the communications from her husband could in any manner have been confidential or antagonistic to his rights, or of a nature likely to cause marital dissension. Our conclusion is that under the provisions of Chapter 1048 of the Public Laws, *supra*, this evidence was admissible.

The defendant's motion for a reargument is denied, and the case is remitted to the Superior Court for the entry of judgment in accordance with our opinion filed February 10, 1933.

*John R. Higgins*, for plaintiff.
*Eugene L. Jalbert, John J. Mee*, for defendant.