GIUSEPPE ROMOLI *vs.* ANNUNZIATA MOTTA, *et al.*

NOVEMBER 3, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is a bill in equity brought to obtain the partition of certain real estate in Pawtucket in this state. The cause was heard in the superior court upon its merits and a decree was entered granting the complainant the relief prayed for, and ordering partition. From the entry of that decree, the respondents have appealed to this court.

Their contention is that the complainant has no title in the real estate in question, and hence cannot maintain his bill. The complainant, however, claims that he purchased at a sheriff's sale, held under an execution duly levied, the interest of one Anthony Tomellini who was a cotenant with

the respondents of the property, and that, therefore, he, the complainant, is their cotenant and is entitled to ask for partition.

The record discloses that on December 2, 1932, the complainant attached, under a writ in an action at law, the interest of Anthony Tomellini in the real estate involved herein. On February 28, 1933, the complainant obtained a judgment in the superior court in that case against Tomellini, and on such judgment there was issued out of that court an execution dated March 27, 1933, returnable September 27, 1933.. A deputy sheriff, on March 31, 1933, levied such execution on Tomellini's interest in the property in question by filing with the city clerk of Pawtucket a copy of the execution together with a certain attached statement containing, among other things, a description of such property. On August 12, 1933, after notice, Tomellini's interest in the real estate was sold by a deputy sheriff, under the execution, to the complainant, who was the highest bidder at the sale. The sheriff's deed to the complainant, under which he claims title, was executed and delivered August 15, 1933.

In the present cause the facts are not in dispute and questions of law only are raised. They relate to the construction to be placed upon certain statutes dealing with executions and the method of levying the same. The form of execution issuing out of the superior court is prescribed by statute and hence is mandatory. G. L. 1923, chap. 353, sec. 12. The execution relied on in the instant cause was in the customary form and complied with the statutory requirement. In this statutory form of execution, no provision is made for setting out or including therein a description of the particular real estate to be levied on. The direction to the sheriff in the execution is in general terms, viz.: "that of the goods and chattels and real estate of the said                , within your precinct, you cause to be levied . . . ."

The respondents chiefly contend that sections 11 and 12 of chapter 355, general laws 1923, as amended by section 1 of chapter 1905, public laws 1932, which sections relate to the method of levying executions on real estate, are so inconsistent and repugnant to said sec. 12 of chapter 353, which fixes the form of execution issuing out of the superior court, that it is impossible to give effect to said sections 11 and 12 as amended by chapter 1905, and that they are inoperative and invalid. The respondents, therefore, urge that the levy and sale in question were controlled by the provisions of sections 11 to 14, inclusive, of chapter 355, before such sections were amended by section 1 of chapter 1905, and that such levy and sale were void as not being in accord with the requirements of said sections 11 to 14, inclusive, prior to their amendment by section 1 of chapter 1905. Sections 11 to 14 of chapter 355, as amended by section 1 of chapter 1905, were further amended by chapter 2032, public laws 1933, but this second amendment has no application to the levy involved in the present cause.

Section 11 of chapter 355, as amended by section 1 of chapter 1905, in substance provides that whenever an execution is to be levied upon real estate or any interest therein, the officer charged with the service of such execution shall file a copy thereof with the recorder of deeds, if any, or the town or city clerk of the town or city in which the real estate shall lie, and certain duties are then imposed upon such recorder of deeds or town or city clerk by reason of such filing. Section 12 of chapter 355, as amended by section 1 of chapter 1905, reads as follows: "The filing of the copy of the execution with the recorder of deeds, if any, or with the town clerk or the city clerk, as provided in the preceding section, shall constitute and be deemed a good and sufficient levy upon the real estate or any interest therein, described and set forth in said execution."

The complainant disputes the respondents' contentions and maintains that all the sections in question can properly be given effect, and that the levy and sale in the instant

case were governed by sections 11 to 14 of chapter 355, as amended by section 1 of chapter 1905, the provisions of which he urges were complied with. The issue turns largely upon the construction to be placed upon the provisions set out in section 12 of chapter 355 as amended by section 1 of chapter 1905, that the levy made under the section immediately preceding shall be good and sufficient upon the real estate or any interest therein "described and set forth in said execution."

We are unable to agree with the respondents' claims as above set out. We are of the opinion that the levy and sale in the present cause is controlled by the terms of chapter 355 as amended by chapter 1905, then in force, and that sections 11 and 12 of chapter 355 as thus amended, although at first sight apparently inconsistent with the provisions of sec. 12 of chapter 353, establishing the form of execution, particularly with reference to the need of having the execution contain a description of the real estate levied on, when construed with reasonable liberality, are not repugnant thereto.

This court has frequently had occasion to consider the general rules which are applied in construing statutes. The meaning and intention of the legislature must be ascertained so that it may, if possible, be enforced. If the language of the statute under consideration lacks precision, or is ambiguous, or is susceptible of several interpretations, then its intended meaning must be sought through the assistance of all pertinent considerations. In order to prevent inconsistencies, statutes should be construed in the most beneficial way the words used therein will allow. In construing the sections of the statutes now before us we should, insofar as we reasonably are able, give them meaning and effect, and, if possible, make them all operative, in order to carry out the apparent objects and purposes intended to be attained by the general assambly. *Morgan* v. *Allen,* 51 R. I. 228; *State* v. *Huxford,* 35 R. I. 387; *Blais* v. *Franklin,* 31 R. I. 95.

In *Lynch* v. *Earle,* 18 R. I. 531, this court discussed at some length the matter of what would constitute a levy of an execution upon real estate under the statutes then in force, and held that it was not, at that time, necessary to file with a town or city clerk, in order to make such levy valid, a copy of the execution, if the property levied on was attached under the original writ. It clearly appears that the chief object sought to be reached by the passage of chapter 1905, amending sections 11 to 14, inclusive, of chapter 355, was to provide for the recording with the town or city clerk of the official act of the officer making the levy, and to give notice to all persons of certain particulars concerning the levy, including the time of its making, and of the specific real estate levied upon. Such filing and recording would tend to prevent confusion and litigation concerning the levying of executions, and the clouding of titles of real estate attempted to be levied upon. No intent is expressed in chapter 1905, nor is one necessarily or reasonably to be implied, that there be any change in the form of execution provided for by statute. We see nothing, however, to prevent the intent and purposes of the legislature as expressed and indicated by the provisions of chapter 1905, from being carried out and made operative.

In our judgment, the words "described and set forth in said execution," as used in sec. 12 of chapter 355, as amended by section 1 of chapter 1905 may reasonably be construed as referring to the copy of the execution which is to be filed, in accordance with the provisions of sec. 11 of said chapter 355, as amended by section 1 of chapter 1905, with the recorder of deeds or the town or city clerk, in order to constitute a good and sufficient levy upon the real estate or interest therein. If they are so construed, the requirements of sections 11 and 12 of chapter 355, as amended by section 1 of chapter 1905, are substantially and reasonably fulfilled, if the officer charged with the levy of the execution, in filing such copy, puts upon it or annexes thereto, so that it becomes a part thereof, a statement in the form of a certifi-

cate, that he levied the execution at a certain stated time on all the interest the defendant named therein had in and to certain real estate, specifically describing the same. This, the record shows was the procedure followed in the instant cause by the officer charged with levying the execution and filing a copy of the same with the city clerk.

In our opinion, the better practice under the statutes involved herein would be for the officer charged with the duty of levying the execution to put upon the execution itself, at the time the levy is made, a statement of the levy containing a description of the particular property levied upon, so that the copy then filed in the recording office would be an actual copy of the execution retained by him. That would be a compliance with the language of the statute strictly and literally construed. In the instant case, the fact that the officer did not put upon the execution itself such statement until some time after the copy had been filed for recording was inconsequential.

We find, therefore, that the provisions of the statute governing the levy of the execution involved in this cause have been complied with; that the levy and the sale held thereunder were valid and that the complainant acquired at such sale the interest of Anthony Tomellini in the property in question. The complainant, therefore, was a cotenant with the respondents, and was entitled to bring the present bill.

The respondents' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Thomas L. Carty,* for complainants.
*Hogan & Hogan, John N. Cole,* for respondents.