### Mullins v. Commonwealth.

March 12, 1943.

John D. Atkinson for appallent.

Hubert Meredith, Attorney General, and Frank A. Logan, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

The appellant was convicted of carnally knowing a female under sixteen years of age, and sentenced to five years imprisonment.

The prosecuting witness, according to the "narrative form" bill of exceptions, concluded her description of the only offense by appellant of which the details were given, with the statement: "That prior to this night, the defendant, Elmer Mullins, had had intercourse with her on two or three other occasions at his home." The court overruled appellant's objection to this statement, and neither required the Commonwealth to elect which of the several offenses thus testified to it would prosecute appellant for committing, nor limited the jury by instructions or otherwise, to the consideration of one offense only. While the testimony regarding the prior offenses was competent to show appellant's lust for the prosecuting witness, and the resulting likelihood of his

having committed the offense which she detailed, the failure of the court to safeguard appellant's rights by one of the methods indicated, was a reversible error, sufficiently presented for the court's consideration by the statement in appellant's motion for a new trial that the court failed to instruct the jury as to the whole law of the case. Earl v. Commonwealth, 202 Ky. 726, 261 S. W. 239; Gilbert v. Commonwealth, 204 Ky. 505, 264 S. W. 1095; Tuttle v. Commonwealth, 287 Ky. 371, 153 S. W. (2d) 931.

Among the grounds for reversal urged is that appellant's wife was not a competent witness against him. So much of her testimony as was "hearsay" was, of course, incompetent, as would likewise have been any attempt by her to reveal confidential communications between them occurring during marriage; but appellant is in error in his insistence that the 1940 amendment to Subsection 1 of Section 606, Civil Code of Practice, Acts 1940, c. 95, did not authorize her to testify for any purpose. It is true that the amendment purported only to amend the Civil Code of Practice, and that this court has held that the provisions of the Civil Code of Practice, except when expressly provided otherwise, do not apply to criminal trials. Commonwealth v. Minor, 89 Ky. 555, 13 S. W. 5. But the Act of January 30, 1872, Chapter 39, entitled "An Act to Amend the Laws of Evidence in this Commonwealth," obviously, from the wording of the title, was intended to amend and make applicable to all trials the provisions of the 1851 Civil Code of Practice, which prohibited husbands and wives from testifying in civil actions "for or against each other, or concerning any communication made by one to the other, during marriage, whether called as a witness while that relation subsisted or afterwards." And regardless of the origin or correctness of the concept that the provisions of Subsection 1, Section 606, Civil Code of Practice, were intended to apply in criminal, as well as in civil proceedings, it has become so deeply imbedded in our jurisprudence that we would be unwarranted in holding inapplicable to the former the provisions of the 1940 amendment. See Commonwealth v. Sapp, 90 Ky. 580, 14 S. W. 834, 29 Am. St. Rep. 405; Howard v. Commonwealth, 118 Ky. 1, 80 S. W. 211, 81 S. W. 704; Martin v. Commonwealth, 269 Ky. 688, 118 S. W. (2d) 665.

Judgment reversed.