Joe DELK, Jr., Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 16, 1955.

Clyde Burnett, Mayfield, for appellant.

J. D. Buckman, Jr., Atty. Gen., W. Owen Keller, Asst. Atty. Gen., for appellee.

CAMMACK, Judge.

In July, 1955, Joe Delk was convicted of storehouse breaking and sentenced to four years' imprisonment. The judgment directed that the term begin at the expiration of a sentence which Delk had received in another Kentucky court in June, 1955.

The evidence for the Commonwealth consisted principally of the testimony of Mrs. Joe Delk, wife of the appellant, and Thomas Griggs, his alleged accomplice. Griggs testified that he and Delk broke into a store near Mayfield, took some groceries, and placed them in a car which they had borrowed from Delk's brother. Before they reached their homes in Paducah, the car became overheated and they abandoned it on a city street, leaving the groceries in the car.

Mrs. Delk testified that her husband came home about 4:30 a. m. and told her of the robbery. She said "he told me he went out on Highway 45 and robbed a grocery store, and the police was after him when he came in." She related also that she had brought a divorce action against Delk one week before his trial.

Other witnesses for the Commonwealth were the sheriff of Graves County (where the store was located), the storeowner, and the Paducah police officers who investigated the overheated car and found the groceries. Their testimony did not implicate Delk in the crime, but merely established that a crime had been committed. Delk took the stand in his own defense and testified that on the night in question he was in Alton, Illinois. He denied any knowledge of, or participation in, the alleged breaking.

On this appeal, Delk contends that the testimony given by his wife was a confidential communication made by one spouse to another during marriage, and therefore was privileged. He insists that the record is devoid of any other evidence corroborating the testimony of the alleged accomplice, and therefore Section 241 of the Criminal Code of Practice compels a reversal of his conviction. He contends further that the trial court had no authority to make his sentence cumulative with a prior sentence he had received in another Kentucky court.

We are unable to find any evidence, other than that of Mrs. Delk, corroborating the testimony of Griggs, which implicated Delk in the crime. Hence, if Mrs. Delk's testimony was privileged, and therefore incompetent, the conviction must be set aside under Section 241 of the Criminal Code of Practice for lack of corroboration of the accomplice's testimony. Quite apart from that section, however, a reversal

would be required because the testimony was highly prejudicial to the appellant.

KRS 421.210(1) provides that "In all actions between husband and wife, or between either or both of them and another, either or both of them may testify as other witnesses, *except as to confidential communications between them during marriage* * * *." (Emphasis ours.) We have held that the statute applies in criminal as well as in civil actions. See Hall v. Commonwealth, 309 Ky. 74, 215 S.W.2d 840; Mullins v. Commonwealth, 293 Ky. 572, 169 S.W.2d 611.

In the Hall case, we held that a wife could voluntarily testify against her husband (the defendant in a criminal action), if the facts to which she testified were not peculiarly known to her because of the marital relation. Applying that test to the instant case, it is clear to us that the appellant's statement to his wife was a confidential communication. The statement was made allegedly about 4:30 a. m., shortly after Delk had returned home, and was not made in the presence of other persons. The contents of the statement, and the circumstances under which it was made, lead us to conclude that Mrs. Delk was informed of the matter solely because of her marital relation with the appellant. Therefore the statement was a confidential communication between husband and wife during marriage, and, as such, privileged under the provisions of KRS 421.210(1).

■ Since the question may again arise upon a new trial, we deem it advisable to consider the appellant's contention that the trial court was without authority to impose a sentence cumulative with the one he had received previously in another Kentucky court. The power to make the sentence cumulative, if it exists, is derived from Section 288 of the Criminal Code of Practice, as amended by Acts 1954, c. 10, which provides as follows:

"If the defendant be convicted of two or more offenses, the punishment of each of which is confinement, the court shall determine and so state in, its judgment whether the sentences are to be served consecutively or, concurrently. In the absence of a statement in a judgment as to whether such sentences are to be served consecutively or concurrently, it shall be presumed that they are to be served concurrently."

The appellant contends that this section of the Code refers only to separate convictions under several counts of the same indictment, and to convictions under different indictments in the same court.

We have discovered no Kentucky cases construing this statute where sentences of different courts were involved. However, several other states, and the Federal Courts, have recognized the principle that a sentence imposed by one court may be made cumulative with a prior sentence of another court. See Ex parte Lawson, 98 Tex. Cr.R. 544, 266 S.W. 1101; Miller v. State, Tex.Cr.App., 44 S.W. 162; Ex parte Sichofsky, 201 Cal. 360, 257 P. 439, 53 A. L.R. 615; Ex parte White, 50 Okl.Cr. 163, 296 P. 756; Crider v. Clark, 182 Ga. 371, 185 S.E. 326, 327; Ex parte Brott, 120 Neb. 792, 235 N.W. 449; People ex rel. Clancy v. Graydon, 329 Ill. 398, 160 N.E. 748; Dickerson v. Perkins, 182 Iowa 871, 166 N.W. 293, 5 A.L.R. 374; Rigor v. State, 101 Md. 465, 61 A. 631; Odekirk v. Ryan, 6 Cir., 85 F.2d 313; United States v. Dye, D.C., 61 F.Supp. 457.

While Section 288 of the Criminal Code of Practice is not free from ambiguity, there is no language restricting its application to sentences imposed by the same court. If such an interpretation were adopted, the anomalous situation would arise whereby cumulative sentences could be imposed upon a defendant convicted in the same court of more than one crime, while concurrent sentences would be required if the same defendant was convicted of the same crimes in different courts of the State. Under such circumstances, there could be a tendency to delay prosecutions until the defendant's previous sentences in other Kentucky courts expired, particularly where the right to a speedy trial would not be

impaired. Such delay could make possible failures to prosecute when important witnesses are no longer present in the jurisdiction.

On the other hand, if Section 288 is interpreted so as to authorize cumulative sentences irrespective of the fact that the prior sentence was imposed by another court of this State, the provision becomes a tool whereby the court can impose a sentence commensurate with the needs of the particular case, taking into consideration the nature of the crimes involved, the criminal propensities of the defendant, and existing possibilities for his reform. Such a result is in keeping with the discretion vested in our trial courts in the administration of criminal justice. We conclude, therefore, that Section 288 authorizes the trial court, in its discretion, to impose a cumulative sentence where the defendant has been sentenced previously in another Kentucky court.

The judgment is reversed, with directions to set it aside, and for proceedings consistent with this opinion.