Otis ASHCRAFT, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 17, 1958.

Earl F. Ashcraft, Irvine, for appellant.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

EBLEN, Judge.

This is a motion for an appeal from a conviction for carnal knowledge of a female under 16 years of age, the defendant being 19 years old at the time. The punishment imposed was a fine of $200.

■ Two grounds are urged for reversal. The first is that the verdict is against the law and the evidence. On behalf of the Commonwealth, the only evidence of the alleged act of .sexual intercourse was the testimony of the prosecuting witness. While her memory as to some of the unrelated circumstances was not too clear, she gave positive testimony of the illicit relation with the defendant. This was sufficient to take the case to the jury and to sustain the verdict, as it does not appear that her story is so highly improbable as to show it to be false. Riley v. Commonwealth, Ky., 271 S.W.2d 882, and cases cited therein.

■ The second ground is that the instruction to the jury was erroneous in two respects. In response to defendant's motion that the Commonwealth be required to state the time and place of the offense alleged in the indictment, the Commonwealth's Attorney stated that the time was in November, 1956, and the place was the Estill County Fair Grounds. The prosecutrix testified as to this offense and, also, to five other prior acts of sexual intercourse with the defendant. In instructing the jury, the court did not restrict the use or effect of the evidence of the prior acts, and the appellant asserts that this is in violation of his recognized rights. "While the testimony regarding prior offenses was competent to show appellant's lust for the prosecuting witness * * *," Mullins v. Commonwealth, 293 Ky. 572, 169 S.W.2d 611, it was the duty of the court to safeguard the appellant's rights by admonishing the jury that such evidence could only be considered as corroborative, and failure so to do was prejudicial error. Bowen v. Commonwealth, 288 Ky. 515, 156 S.W.2d 870; Wilson v. Commonwealth, 265 Ky. 337, 96 S.W.2d 1026; Gilbert v. Commonwealth, 204 Ky. 505, 264 S.W.2d 1095; Earl v. Commonwealth, 202 Ky. 726, 261 S.W. 239. The election of the Commonwealth to try the defendant for one specified offense does not cure this defect.

■■ The instruction given by the lower court authorized the jury to find the defendant guilty of the offense charged if he had carnal knowledge of the prosecutrix in October or November, 1956, although the Commonwealth had elected November, 1956, as the time of the offense for which defendant would be tried. It is urged that the instruction, also, was erroneous for this reason. Where, as here, there is evidence of more than one offense, the instruction should conform to the election of the Commonwealth, Wilson v. Commonwealth, supra, and should limit the jury to a consideration of the particular act so elected. Gilbert v. Commonwealth, supra; Earl v. Commonwealth, supra.

The motion for appeal is sustained, and the judgment is reversed and remanded with directions to set it aside and to grant appellant a new trial, and for proceedings consistent with this opinion.