**292**

Robert WISE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 19, 1965.

Wesley Bowen, Newport, for appellant.

Robert Matthews, Atty. Gen., Charles W. Runyan, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Appellant was convicted of the offense denounced by KRS 435.100(1)(b), namely, carnal knowledge of a female of the age of twelve years and under sixteen. His appeal seeks to upset the judgment imposing sentence of imprisonment for five years.

Appellant assigns these claimed errors: (1) the trial court should have directed a verdict of acquittal, (2) the verdict is so palpably contrary to the evidence as to require reversal, (3) the trial court erred in admitting evidence relating to a prior incident of alleged misconduct by appellant toward the prosecutrix, and (4) in any event the court should have admonished the jury with respect to the consideration it could give to the evidence of prior misconduct of appellant toward the prosecutrix.

It is not necessary to recount the evidence in detail. Suffice it to say that the prosecutrix, who was just past twelve years of age at the time of the claimed offense, positively testified that the appellant, not her husband, and over twenty-one years of age, had sexual relations with her. She asserted that the act was accomplished entirely against her will. The indictment presented two counts, embracing forcible rape as denounced by KRS 435.090 and so-called "consent" rape condemned by KRS 435.100. The trial court submitted the case to the jury only upon the "consent" theory.

Appellant stoutly denied the charge and sought to establish an alibi. It is our view that the evidence warranted submission to the jury of the issue whether appellant had sexual relations with the prosecutrix. The testimony of the prosecutrix, uncorroborated as to the actual act of intercourse, is not so incredible as to require a directed verdict of acquittal. See Ashcraft v. Commonwealth, Ky., 317 S.W.2d 179; Riley v. Commonwealth, Ky., 271 S.W.2d 882. Neither may it be said that the verdict is palpably against the evidence.

In the course of her testimony the prosecutrix told of an incident which she said

occurred in July prior to the date in October on which she charged that the sexual act occurred. She said that in July, while she was walking home, appellant offered her a ride to her home in his automobile. Instead of going to her home, appellant drove the car "down a little alley street that goes down to the river." Her evidence then was as follows:

"Q. Did anything happen there?

"A. Yes, he tried to have relations with me then.

"Q. What happened then, after he tried to have relations with you as you said?

"A. I wouldn't let him. I kept fighting him off and so he just gave up then."

Appellant's counsel objected to the foregoing evidence, and requested that the court admonish the jury not to consider it. The objection was overruled and no admonition was given the jury. It is our view that the evidence was competent, but that the court should have admonished the jury as to the consideration it could accord the testimony. Browning v. Commonwealth, Ky., 351 S.W.2d 499; Ashcraft v. Commonwealth, Ky., 317 S.W.2d 179; 6 Ky.Digest 2, Criminal Law, ▮▮▮▮

The prosecution contends that no admonition was necessary because the July incident was not a prior crime. We cannot accept this argument, as it is our view that the testimony of the prosecutrix did charge a prior crime. Since the prosecutrix was under the age of consent, the effort of appellant to have sexual intercourse with her in July was, at least, a violation of KRS 435.110 (detaining a woman against her will with intent to have carnal knowledge of her). See Merriss v. Commonwealth, 287 Ky. 58, 151 S.W.2d 1030. The claimed activities of the appellant toward the prosecutrix in July would support a conviction of attempted "consent" rape.

See Nider v. Commonwealth, 140 Ky. 684, 131 S.W. 1024, Ann.Cas.1913E, 1246.

The failure of the trial court to admonish the jury as to the limited effect of the testimony relating to the July incident was prejudicial error.

The judgment is reversed for proceedings consistent with this opinion.

HILL, J., dissenting.