Joseph Leon SCHUMAKER, Petitioner,

v.

Hon. Coleman WRIGHT, Judge Shelby Circuit Court, Respondent.

Court of Appeals of Kentucky.

May 21, 1965.

888

Joseph Leon Schumaker, pro se.

Lucien L. Kinsolving, Commonwealth Atty., Shelbyville, for respondent.

HILL, Judge.

This original action was filed in this Court in which petitioner contends his constitutional rights have been violated, in that, the respondent in the judgment provided that his sentence should run consecutively with a judgment theretofore entered by the Jefferson Circuit Court. The petitioner contends that under RCr 11.04 the respondent had no such authority. RCr 11.04 provides:

"A judgment of conviction shall set forth the plea, the verdict or findings, the adjudication and sentence, a statement as to whether the defendant is entitled to bail, the amount of bail and the day of the execution of a death sentence, which shall be at least thirty days after the entry of the judgment. If two or more sentences are imposed, the judgment shall state whether they are to be served concurrently or consecutively."

Appellant interprets this rule to limit the power of the trial judge to judgments within his jurisdiction. This Court has taken a contrary view.

The identical question here presented was decided in Delk v. Commonwealth, Ky., 285 S.W.2d 169, 57 A.L.R.2d 1406 (1955), wherein this Court said:

"We conclude, therefore, that Section 288 authorizes the trial court, in its discretion, to impose a cumulative sentence where the defendant has been sentenced previously in another Kentucky court."

Section 288, referred to above, is now RCr 11.04.

Under the authority of Delk, the relief sought is denied.