**Tommie J. BEASLEY, Appellant,**

v.

**John W. WINGO, Warden, Kentucky State Penitentiary, Appellee.**

Court of Appeals of Kentucky.

Oct. 4, 1968.

Tommie J. Beasley, pro se.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

This is a habeas corpus proceeding in which relief was denied by the circuit court. Appellant was convicted of burglary by a Wisconsin court in February 1966 and sentenced to four years' imprisonment. In March of 1966 he escaped and fled to Paducah, Kentucky, where he was arrested for storehouse breaking. He was convicted in the McCracken Circuit Court and sentenced to five years in the Kentucky State Penitentiary.

It is appellant's sole contention that because the McCracken court judgment did not provide whether the Kentucky sentence was to be served consecutively or con-

currently with the Wisconsin sentence, he is now entitled to be transferred to Wisconsin so that the two sentences may be served *concurrently.* The Commonwealth questions the procedural right of appellant to maintain this kind of a proceeding, but since he proceeds pro se we will pass on the merits of his petition.

To support his position appellant cites a number of California decisions. In a long series of cases, beginning with In re Stoliker, 49 Cal.2d 75, 315 P.2d 12 (1957) through In re Patterson, 64 Cal.2d 357, 49 Cal.Rptr. 801, 411 P.2d 897 (1966), the California courts have ruled that a prisoner sentenced by a California court may be transferred to another jurisdiction so that his California sentence may run concurrently with the prior sentence of the foreign court. These decisions were based upon a provision of the California Penal Code (of which we do not have a counterpart in our Criminal Rules), and in all of the cases the defendant had violated his parole in a foreign state. (Here the petitioner escaped from prison.) Whether we would be inclined to follow the California decisions if the facts and the law were similar, they are not authoritative in this case.

RCr 11.04(1) provides in part:

"If two or more sentences are imposed, the judgment shall state whether they are to be served concurrently or consecutively."

■ Obviously this provision relates only to sentences imposed by Kentucky courts. See Delk v. Commonwealth, Ky., 285 S.W.2d 169, 57 A.L.R.2d 1406. Even if it could be stretched to encompass sentences imposed by other states, where the judgment does not provide otherwise the sentences would be construed to run consecutively and not concurrently. 24B C.J.S. Criminal Law § 1996(6), page 677. Appellant has presented no ground for relief from the Kentucky judgment of conviction.

The judgment is affirmed.

All concur.