346 A.2d 657.

UMBERTO NASCIMENTO *vs.* PHILLIPS PETROLEUM
COMPANY *et al.*

NOVEMBER 6, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. This action was brought in the Superior Court to recover damages for the death of the plaintiff's son pursuant to the provisions of G. L. 1956 (1969 Reenactment) §10-7-1 et seq., the Wrongful Death Act, so-called. Umberto Nascimento Jr., the plaintiff's son, died on March 20, 1970, the cause of death being established as asphyxiation from carbon monoxide poisoning. On March 16, 1973, the plaintiff acting in his own behalf as an heir-at-law and in behalf of all other beneficiaries and heirs-at-law of the deceased brought the instant action in which he alleged that the death of his son was caused by the negligence of the defendants.

A Superior Court justice granted defendants' motions dismissing the complaint on the ground that suit was not commenced within two years of the death of plaintiff's son and was therefore barred by the statute of limita-

tions.[1] The case is before us on plaintiff's appeal from the order of the Superior Court dismissing the complaint.

The single issue before the court is whether the limitation for bringing of the instant action is controlled by §10-7-2 or §9-1-14.[2]

The plaintiff alleges that the trial justice erred when he ruled that an action under the provisions of the Wrongful Death Act must be brought within two years of the death of the person, otherwise it is barred by the statute of limitations. He argues that the trial justice totally ignored the intent of the Legislature which he contends was clearly to have the three year statute of limitations as it affects actions for personal injuries apply to actions brought under the Wrongful Death Act.

The plaintiff concedes that on March 20, 1970, the date of death of plaintiff's son, the statutory limitation under

---

[1] The pertinent statute is G. L. 1956 (1969 Reenactment) §10-7-2 which reads as follows:

"Action by executor or administrator—Persons benefited—Commencement of action—Minimum recovery.—Every such action shall be brought by and in the name of the executor or administrator of such deceased person, whether appointed or qualified within or without the state, and the amount recovered in every such action shall one-half (½) thereof go to the husband or widow, and one-half (½) thereof to the children of the deceased, and if there be no children the whole shall go to the husband or widow, and, if there be no husband or widow, to the next of kin, in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate. Provided, that every such action shall be commenced within two (2) years after the death of such person; and provided, further, whenever any person or corporation is found liable under §§10-7-1 to 10-7-4, inclusive, he or it shall be liable in damages in the sum of not less than five thousand dollars ($5,000)."

[2] General Laws 1956 (1969 Reenactment) §9-1-14 reads as follows:

"Limitation of actions for words spoken or personal injuries.—Actions for words spoken shall be commenced and sued within one (1) year next after the words spoken, and not after. Actions for injuries to the person shall be commenced and sued within three (3) years next after the cause of action shall accrue, and not after."

the provisions of §9-1-14 for bringing action for injuries to the person was two years. He also concedes that on that date, the statutory time limit for commencing action for wrongful death under §10-7-2 was two years. He points out, however, that in 1971, the statutory limitations in cases involving injuries to the person was extended to three years by legislative action, and that in 1973 the statute was further amended to provide that the limitations for personal injury actions would be applied retroactively to those actions which had accrued less than two years prior to August 1, 1971.

The plaintiff, while conceding that §10-7-2 was not specifically amended, argues nevertheless that prior to 1971 the limitation for bringing actions for personal injuries under §9-1-14 and actions for wrongful death under §10-7-2 were both two years, and that when the Legislature amended §9-1-14 to provide a three-year period of limitation for bringing action, it clearly intended the limitations for bringing both actions should be extended to a period of three years. He further argues that by reason of the 1971 amendment of §9-1-14 that if plaintiff's son had not deceased, the time for instituting suit would have been extended to three years, and that since the intention of the Wrongful Death Act is to make a wrong-doer liable for the death of a person just as if death had not ensued, the time for commencing suit under §10-7-2 should be extended so as to coincide with the limitations contained in §9-1-14.

The plaintiff alleges that there is an express intent set forth in the Wrongful Death Act which states that the statutory period shall be the same as that set forth in the statute relating to actions brought for personal injuries. In our reading of the statute we have been unable to discover any such expressed intention nor have we found any conflict as contended by plaintiff.

The plaintiff attempts to invoke the rule that where there is ambiguity or apparent inconsistency between statutory provisions which are in *pari materia* or which affect related subjects, the various provisions must be given meaning and effect and all made operative if it be reasonably possible, to the end that effect may be given to apparent objects and purposes intended to be accomplished by the Legislature. *Davis* v. *Cranston Print Works Co.*, 86 R. I. 196, 133 A.2d 784 (1957); *Romoli* v. *Motta*, 59 R. I. 201, 194 A. 733 (1937); *Bradley* v. *Quinn*, 53 R. I. 349, 166 A. 814 (1933).

In the instant case, however, we find no merit in plaintiff's argument since in our opinion there exists no real and irreconcilable inconsistency between §§9-1-14 and 10-7-2. On the contrary, it is clear that the Legislature intended that the limitation on actions brought for personal injuries should be for three years, and that the limitation on actions brought under the Wrongful Death Act should be for two years.

The Wrongful Death Act creates a right not known to the common law, which right ordinarily expires if not pursued within the time permitted by its creating statute, and it is within the province of the Legislature in creating such a right to impose conditions thereon.

In *Tillinghast* v. *Reed*, 70 R. I. 259, 38 A.2d 782 (1944), in interpreting G. L. 1938, ch. 477, the predecessor of §10-7-1 et seq. this court said that:

> "Where a statute creates an entirely new right of action that did not exist at common law and expressly attaches thereto, without any exception, a proviso that the action shall be brought within a specified time, such proviso ordinarily will be construed as a condition imposed upon the created right of action and not merely as a statute of limitations affecting the remedy only." *Id.* at 263, 38 A.2d at 783.

We also point out that in 1973, in providing for recovery

for pain and suffering in actions under chapter 7 of title 10, the Legislature provided that action should be commenced within two years after the death of such person, the same limitation as enunciated in §10-7-2.

We therefore hold that the provisions of §10-7-2 providing that "every such action shall be commenced within two (2) years after the death of such person" are clear and unequivocal and require no further interpretation or construction by us. The Superior Court justice was correct in holding that the limitation for bringing of the instant action is controlled by §10-7-2.

The plaintiff's appeal is denied and dismissed, the order appealed from is affirmed, and the case is remitted to the Superior Court.

*Lovett & Linder, Ltd., Stephen G. Linder,* for plaintiff.

*Francis V. Reynolds, Anthony F. DeMarco,* for defendant, Phillips Petroleum Company.