**Danny Wayne McBRIDE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 4, 1968.

Danny Wayne McBride, pro se.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Chief Justice.

On December 7, 1967, Danny Wayne McBride was sentenced under a two-count indictment to two years' imprisonment for dwelling house breaking and one year for obtaining money under false pretenses, the sentences to run consecutively to each other, and to a two-year sentence for another conviction of dwelling house breaking entered the same date, making a total of five years to be served. With assistance of counsel, all three sentences were upon pleas of guilty.

On June 3, 1968, he filed a "motion for a concurrent sentence," asking the trial court to direct that these three sentences be made to run concurrently with each other on the grounds that his lack of a previous record and his enrollment in the penitentiary school system were factors which would make the serving of the sentence of the entire five years "do more harm than good." He appeals from the order overruling that motion.

Inasmuch as the time had expired for the filing of a direct appeal at the time of the filing of his motion, it will be construed as a collateral attack on the sentences under RCr 11.42. However, there is no merit in such collateral attack. RCr

11.04 authorizes the trial court to impose consecutive sentences. The question of whether sentences shall run consecutively or concurrently is a matter within the discretion of the trial court. Delk v. Commonwealth, Ky., 285 S.W.2d 169, 57 A.L.R.2d 1406; Schumaker v. Wright, Ky., 390 S.W. 2d 887. There is no showing that the trial court abused its discretion. Accordingly, there is no merit in the appeal.

Judgment affirmed.

All concur.