Bruce B. WESSELMAN,
Petitioner–Appellant,

v.

William SEABOLD, Warden,
Respondent–Appellee.

No. 86–5397.

United States Court of Appeals,
Sixth Circuit.

Argued April 3, 1987.

Decided Nov. 20, 1987.

Rehearing and Rehearing En Banc
Denied Jan. 6, 1988.

John P. Rall (argued), Paducah, Ky. (Court-appointed), for petitioner-appellant.

David Armstrong, Atty. Gen. of Kentucky, Robert Hensley (argued), Frankfort, Ky., for respondent-appellee.

Before KEITH, KENNEDY and RYAN, Circuit Judges.

RYAN, Circuit Judge.

This is an appeal from the district court's denial of appellant's petition for a writ of habeas corpus. It is a procedurally complex case in which the primary issue for decision is whether an adequate and independent state procedural ground justifies the district court's refusal to entertain the appellant's constitutional challenge to his state court guilty plea to trafficking in narcotics. Appellant also claims to have been denied the effective assistance of counsel. We hold that the district court properly deferred to the state court decision, and that the appellant was not denied the effective assistance of counsel. Accordingly, we affirm the district court's denial of habeas relief.

I.

Appellant was convicted of drug trafficking and sentenced to ten years in prison. In July 1982, the conviction was reversed by the Kentucky Court of Appeals. While the Commonwealth of Kentucky's petition for rehearing was pending, the appellant was reindicted. He entered into a so-called *Alford* plea agreement in which he agreed

to plead guilty to the original narcotics trafficking charge in return for a sentence equal to the 18–months confinement he had already served. See *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed. 2d 162 (1970). The court accepted the plea under the conditions stipulated, and entered judgment in August 1982.

Six months later, on February 4, 1983, appellant was indicted on four new counts of first-degree robbery and one count of being a persistent felony offender (PFO). One of the convictions comprising the PFO charge was the earlier drug trafficking conviction resulting from the *Alford* plea. Following a trial, the jury found the appellant guilty on all counts.

Wesselman then launched a collateral attack upon the trafficking conviction by way of Kentucky Civil Rule 60.02, seeking post-conviction relief and challenging the constitutionality of his *Alford* plea.[1] He also raised issues concerning the permissibility of *Alford* pleas in Kentucky, and the absence of a pre-sentence investigative report. Despite having misgivings about the procedural correctness of appellant's Rule 60.02 motion, the trial court proceeded to consider the motion as a petition for post-conviction relief and denied relief on the merits, stating:

> The record reflects no appeal on the above-referenced Judgment and no prior motion under RCr. 11.42.
> Initially, the Court is of the opinion that a motion under RCr. 11.42 must be filed prior to a motion under CR 60.02, and, therefore, Defendant's motion herein is premature. *Gross v. Commonwealth*, 30 K.L.S. 4, page 9 (March 31, 1983) [648 S.W.2d 853 (Ky.1983)].
> Notwithstanding *Gross v. Commonwealth*, the Court will proceed with a ruling on the merits of Defendant's motion, inasmuch as a full hearing was conducted on the issues.

As though reading the foregoing passage as a signal, appellant filed a second petition for post-conviction relief, this time under Ky.RCr. 11.42. While it was pending, he voluntarily dismissed his appeal from the denial of the earlier Ky.CR 60.02 motion. The Rule 11.42 motion raised the very same issues regarding the *Alford* plea and the presentence report that were decided adversely to appellant in the withdrawn 60.02 proceeding. In addition, the appellant claimed (1) that the trial court lacked jurisdiction to accept the *Alford* plea because the Commonwealth's petition for rehearing on the original reversal of the trafficking conviction was pending in the Court of Appeals simultaneously, and (2) that he was denied the effective assistance of counsel when the plea was entered. The trial court considered all the issues on the merits, including the *Alford* plea and pre-sentence investigation issues that were earlier resolved in the Rule 60.02 hearing, and denied the petition. This appeal followed.

Upon the authority of *Crick v. Commonwealth*, 550 S.W.2d 534 (Ky.1977) (per curiam), the Kentucky Court of Appeals refused to consider the defendant's *Alford* plea and presentence report issues because those issues had been finally decided against the defendant in the proceeding on his Rule 60.02 application. The court held that because appellant withdrew his appeal, the trial court's decision on the merits of those issues had become final, and accordingly, the appellant was not entitled to relitigate those issues in any subsequent proceeding for post-conviction relief. *Id.,* at 535. The appeals court did, however, consider the two issues that had not been raised in the defendant's Rule 60.02 application: (1) whether the trial court had jurisdiction to accept the plea, and (2) appellant's claim that he was denied the effective assistance of counsel. Rejecting those claims, the appeals court affirmed the trial court's decision denying post-conviction relief, and the Kentucky Supreme Court denied discretionary review.

The appellant then filed the instant petition for habeas corpus in the federal district court, raising four grounds for relief: (1) that *Alford* pleas are improper in Kentucky and appellant's plea was improperly

---

**1.** Ky. CR 60.02 is generally comparable to Fed. R.Civ.P. 60(b), although with important differences. The specific terms of the rule are not in issue here.

taken; (2) that he had involuntarily waived his presentence report; (3) that the court lacked jurisdiction to accept the plea; and (4) that appellant was denied the effective assistance of counsel. The district court adopted the magistrate's report and recommendation that the petition be denied. As to the *Alford* plea and presentence report issues, the magistrate stated:

The Kentucky court decided Wesselman's claim on the basis of an independent and adequate state procedural ground pursuant to *Crick v. Commonwealth*, Ky., 550 S.W.2d 534 (1977). It is clear that such decision bars the federal courts from addressing these issues on habeas corpus. *See Wainwright v. Sykes*, 433 U.S. 72 [97 S.Ct. 2497, 53 L.Ed.2d 594] (1977); *County Court of Ulster County, New York v. Allen*, 442 U.S. 140 [99 S.Ct. 2213, 60 L.Ed.2d 777] (1979) (citation omitted).

Appellant's argument that the Kentucky state court was without jurisdiction to accept the *Alford* plea because a petition for rehearing of the previous appeal was pending in the Court of Appeals was rejected in deference to the state court's decision, and the ineffective assistance of counsel claim was again denied on the merits.

## II.

In *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986) we held:

When a state argues that a habeas claim is precluded by the petitioner's failure to observe a state procedural rule, the federal court must go through a complicated analysis. First, the court must determine that there is a state procedural rule that is applicable to petitioner's claim and that the petitioner failed to comply with the rule.

Kentucky has a rule of procedure, common to every state, requiring litigants, civil or otherwise, who are disappointed by an

adverse decision in the trial court to timely appeal such a decision. The consequence of failing to appeal is that the trial court's decision becomes final and binding upon the parties involved. *See Crick*, 550 S.W. 2d at 535. It is clear that the appellant in this case failed to comply with this procedural rule.

The second consideration under *Maupin* is whether, in the case at hand, the state courts actually enforced the sanction for failing to comply with the procedural rule. 785 F.2d at 138. There is no doubt that Kentucky has applied the rule in this case. Because appellant did not prosecute an appeal from the denial of his Rule 60.02 application for post-conviction relief, he was *not entitled* to relitigate any issues decided in that proceeding. Therefore, even though the trial court in the second proceeding actually considered the *Alford* plea and presentence report issues a second time, the appeals court refused to review those issues on appeal from that subsequent denial under Rule 11.42.[2]

The third *Maupin* consideration is whether the state procedural ground is "independent and adequate," 785 F.2d at 138; *see also County Court of Ulster County, New York v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979), which turns on the substantiality of the state interest involved. Kentucky's interests in finality of judgments, judicial economy, and permitting defendants just "one bite of the apple" are both obvious and substantial. *See Gross v. Commonwealth*, 648 S.W.2d 853 (Ky.1983).

Finally,

[o]nce the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate ... that there was "cause" for him not to follow the procedural rule and that he was actually

2. Although it is conceptually a difficult distinction, the present case does not involve the issue of "exhaustion." *See Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Because the Kentucky appeals court held that the defendant was "not entitled" to relitigate the issues involving the *Alford* plea, this case involves the very different concept of procedural "bar." *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). This is not a case in which the defendant neglected to "fairly present" an issue to the state courts; this is a case in which the state courts refused to consider an issue actually presented.

prejudiced by the alleged constitutional error.

*Maupin,* 785 F.2d at 138. *Accord Reed v. Ross,* 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984); *Engle v. Issac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

In the support of his argument that there was "cause" for his procedural default, appellant points to the trial court's opinion in which appellant's Rule 60.02 application was rejected with the admonition that, a Rule 11.42 application would have been the proper procedure. In *Gross v. Commonwealth,* 648 S.W.2d 853, 857 (Ky. 1983), relied upon by the trial court and cited in its opinion, the Kentucky Supreme Court stated:

> [W]e hold that a defendant is required to avail himself of RCr 11.42 while in custody under sentence or on probation, parole or conditional discharge, as to any ground of which he is aware, or should be aware, during the period when this remedy is available to him. Final disposition of that motion, or waiver of the opportunity to make it, shall conclude all issues that reasonably could have been presented in that proceeding. The language of RCr 11.42 forecloses the defendant from raising any questions under CR 60.02 which are "issues that could reasonably have been presented" by RCr 11.42 proceedings.

We interpret this language to require that a defendant seeking post-conviction relief present all of his claims at the very first opportunity. In this respect, *Gross* is consistent with the Kentucky Supreme Court's decision in *Crick.* Although the *Gross* court specifies that a Rule 11.42 application is the proper procedure when a defendant is in custody, the fact that the trial court did not dismiss the defendant's Rule 60.02 application, but instead decided *all* of his claims on the merits, suggests that although a Rule 11.42 application would have been more appropriate, it arguably was not mandatory. Implicitly, the Kentucky Court of Appeals held as much, in refusing to permit appellant "to relitigate" the issues raised and decided in the Rule 60.02

proceeding and withdrawn on appeal. After raising his *Alford* plea and presentence report issues in that first application for post-conviction relief, the appellant was seriously mistaken, from a tactical perspective, in dismissing his appeal from the trial court's adverse decision on the merits of those issues.

Very recently, in an opinion by Justice O'Connor, the Supreme Court rejected the Fourth Circuit's attempt to create a distinction between the procedural default arising from attorney ignorance and that arising from deliberate strategy. *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). The Fourth Circuit had decided that attorney error, short of ineffective assistance of counsel, could constitute cause under *Wainright.* The Supreme Court disagreed:

> Instead, we think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.

477 U.S. at ——, 106 S.Ct. at 2646, 91 L.Ed.2d at 408. We hold that the appellant's "shortsightedness" in this case does not meet this standard and, hence, cannot constitute cause for his procedural default. Accordingly, we do not reach the issue of prejudice.

### III.

Appellant's contention that the trial court lacked jurisdiction to accept his *Alford* plea because of the Commonwealth's pending motion for rehearing on the reversal of his trafficking conviction is peculiarly a matter of state law. *See Lowery v. Estelle,* 696 F.2d 333, 337 (5th Cir.1983). The district court correctly deferred to the Kentucky appellate court's determination that the trial court had jurisdiction to accept the plea because by the time the plea was accepted, the appeals court had already issued its order denying the Commonwealth's motion for rehearing. *Accord Begley v. Vogler,* 612 S.W.2d 339, 341 (Ky. 1981).

## IV.

Finally, we must also reject the appellant's contention that he was denied the effective assistance of counsel when he entered the *Alford* plea. We note that this issue has been decided against the appellant in the Kentucky trial court, the Kentucky appeals court, and the federal district court in its initial review of this habeas petition. Our independent review of the transcript of the record made at the plea proceeding persuades us that the appellant was not denied effective assistance of counsel. According to the appellant's own testimony, his court-appointed attorney advised him of the nature of the charges against him, the possible defenses, and possible punishment. The appellant testified that he fully understood the nature and consequences of his plea. In light of this testimony, there is no support for the claim of ineffectiveness of counsel. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The district court's decision denying the writ of habeas corpus is AFFIRMED.