**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0293n.06
Filed: May 27, 2008

No. 06-4676

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ALAN J. BUTTS, | **)** | |
| | **)** | |
| **Petitioner-Appellant,** | **)** | |
| | **)** | **ON APPEAL** FROM THE UNITED |
| v. | **)** | STATES DISTRICT COURT FOR THE |
| | **)** | SOUTHERN DISTRICT OF OHIO |
| MICHAEL SHEETS, | **)** | |
| | **)** | |
| **Respondent-Appellee.** | **)** | **O P I N I O N** |
| | **)** | |
| | **)** | |

BEFORE:   **MOORE and McKEAGUE, Circuit Judges; SCHWARZER,**[*] **District Judge**.

**WILLIAM W SCHWARZER, District Judge.**  Alan Butts appeals the denial of his request for a stay of his federal habeas petition pending exhaustion in state court of one of his grounds for relief.  Butts claimed that his constitutional rights were violated when he received a sentence based on the merger of two allegedly contradictory state court convictions.  Butts also appeals the dismissal of this claim on the merits.  Because we find his claim procedurally defaulted, we **AFFIRM**.

### I.  BACKGROUND

Following the death of his girlfriend's two-year-old son, Butts was indicted by an Ohio grand jury on one count of murder, in violation of Ohio Rev. Code § 2903.02; one count of involuntary

---

[*]The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

manslaughter, in violation of Ohio Rev. Code § 2903.04; one count of felonious assault, in violation of Ohio Rev. Code § 2903.11; and two counts of endangering children, in violation of Ohio Rev. Code § 2919.22. Butts was represented by counsel at his jury trial. He was convicted on all counts. In May 2003, Butts was sentenced to fifteen years to life imprisonment on the murder and involuntary manslaughter convictions which the court merged pursuant to Ohio Rev. Code § 2941.25(A). He was also sentenced to six years on the felonious assault conviction and four years on the endangering children conviction. The sentences were to be served concurrently.

In September 2003, Butts, represented by his trial counsel, appealed his convictions, asserting that they were contrary to law and against the weight of the evidence. The Ohio Court of Appeals affirmed the judgment of the trial court and the Ohio Supreme Court denied leave to appeal and dismissed his appeal as not involving a substantial constitutional question. In November 2004, Butts filed a delayed pro se application to reopen his direct appeal pursuant to Ohio Appellate Rule 26(B) which permits reopening based on a claim of ineffective assistance of appellate counsel. Butts asserted that he had been denied the effective assistance of appellate counsel on direct appeal when his attorney had failed to argue that his sentence violated the Equal Protection Clauses of the United States and Ohio Constitutions because the sentence was for two offenses requiring mutually exclusive mental states. The application was denied by the Ohio Court of Appeals in December 2004, and his appeal to the Ohio Supreme Court was dismissed in May 2005.

In March 2005, while the appeal from the denial of his 26(B) application was still pending, Butts pro se filed what he styled a "Motion for a Resentencing Hearing and for Correction of an Erroneous Sentence." In May 2005, the trial court, construing it as an untimely petition for post-conviction relief, denied relief. In May 2006, the Ohio Court of Appeals affirmed, holding that

because Butts had not challenged his sentence on this ground on his direct appeal, the doctrine of res judicata barred him from doing so through his petition for post-conviction relief. In October 2006, the Ohio Supreme Court denied leave to appeal.

In October 2005, Butts, represented by counsel, filed a petition for a writ of habeas corpus in federal district court asserting, so far as relevant here, two claims: claim one, that his sentence on the merged convictions violated his constitutional rights, and claim two, that he was denied the effective assistance of counsel on his direct appeal. In February 2006, Butts moved to stay his habeas petition pending exhaustion of his state remedies. In September 2006, the district court denied Butts's request for a stay, finding that claim one appeared to be procedurally defaulted. However, it dismissed claim one as unexhausted because the Ohio courts had not yet fully resolved Butts's petition for post-conviction relief. It dismissed claim two on the ground that the state appellate court's finding that Butts had not received ineffective assistance of counsel on direct appeal with respect to the allegedly contradictory convictions was not an unreasonable application of clearly established federal law justifying federal habeas relief.

The district court granted Butts's request for a certificate of appealability on his motion to stay his habeas petition, as well as on his claim that his federal constitutional rights were violated by his sentence for the merged murder and involuntary manslaughter convictions.[1]

---

[1] The state argues that the district court certified only the issue of whether the district court was correct in denying Butts's request for a stay. The district court's order, however, states twice that it was granting Butts's request for a certificate of appealability on "claim one." Joint Appendix ("J.A.") 614, 615 (Oct. 12, 2006 Op. and Order at 2, 3). The court granted the certificate of appealability on "claim one" after engaging in the inquiry required for issuing a certificate of appealability on a claim dismissed on a procedural ground, by determining (1) whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and (2) whether "jurists of reason would find it debatable

(continued...)

3

## II. ANALYSIS

We review de novo a district court's decision to grant or deny a writ of habeas corpus. *Bannerman v. Synder*, 325 F.3d 722, 723 (6th Cir. 2003). We defer to the state court's determinations of questions of law and mixed questions of law and fact unless those determinations are "contrary to, or involve an unreasonable application of, clearly established federal law." 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 407-09 (2000). We review the district court's decision to deny a stay of a federal habeas petition for abuse of discretion. *Rhines v. Webber*, 544 U.S. 269, 279 (2005).

The district court found that the Ohio Court of Appeals held Butts's claim procedurally defaulted under Ohio's doctrine of res judicata because he could have raised the claim on his direct appeal. Butts first referred to the claim in his application to reopen his direct appeal based on ineffective assistance of appellate counsel, but that application is considered to be part of the collateral review process. *See Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005) (en banc). Butts also presented the claim in his "Motion for a Resentencing Hearing and for Correction of an Erroneous Sentence" which the trial and appellate courts treated as a petition for post-conviction relief.

Federal review of a claim presented in a habeas petition under 28 U.S.C. § 2254 is barred in all cases in which the state prisoner has defaulted his federal claim in state court pursuant to an independent and adequate state procedural rule, unless there is a showing of cause and prejudice or

---

[1](...continued)
whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484. The certificate of appealability also covers the issue of whether the stay was properly denied. Although the district court purported to grant the certificate of appealability "solely as to claim one," it then concluded, "The following issue is certified for appeal: Was the District Court correct in denying petitioner's request for a stay of proceedings on claim one?" J.A. 615 (Oct. 12, 2006 Op. and Order at 3).

4

a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). We use the analysis under *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1985), to determine whether a procedural default has occurred. *See Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998) (citing *Maupin*). First, we "must find that there is a state procedural rule that applies to the petitioner's claim, and that the petitioner failed to comply with the rule." *Id*. Second, we "must determine whether the state courts actually enforce the state procedural sanction." *Id*. Third, we "must decide whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of the petitioner's federal constitutional claim." *Id*. This requires an examination of the adequacy of the state ground, which is determined by "examining the state's legitimate interests in the procedural rule in light of the federal interest in considering federal claims." *Id.*

If these three criteria are met, a petitioner "must demonstrate cause for not following the procedural rule and prejudice resulting from the alleged constitutional error" in order for a federal court to review the claim. *Id.* Cause exists if there is an "objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 752. Alternatively, we may excuse a procedural default if there is a fundamental miscarriage of justice which occurs if a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Carrier*, 477 U.S. at 496.

Under the *Maupin* analysis, Butts has procedurally defaulted his claim, and he has not shown cause for the procedural default. Nor has he shown that there has been a fundamental miscarriage of justice.

**1.    Butts failed to raise his claim on his direct appeal, as required by Ohio law**

5

The Ohio Court of Appeals concluded that the doctrine of res judicata barred review of Butts's claim that his sentence violated his constitutional rights. Under Ohio law, a claim is barred by res judicata if the petitioner could have raised the claim in an earlier proceeding. *State v. Perry*, 226 N.E.2d 104, 108 (Ohio 1967). The doctrine bars relitigation in post-conviction petitions of issues that could have been raised on direct appeal. *Id*. Butts did not raise the claim in question here on his direct appeal, and that claim is therefore forfeited under the doctrine of res judicata.

### 2. Ohio courts regularly enforce the doctrine of res judicata

Ohio courts consistently enforce the doctrine of res judicata. *See, e.g., Williams v. Bagley*, 380 F.3d 932, 966-67 (6th Cir. 2004); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

### 3. Res judicata is an adequate and independent state ground

We have previously held that res judicata is an adequate and independent state ground under *Maupin*. *Jacobs*, 265 F.3d at 417.

### 4. Butts has not demonstrated cause or a fundamental miscarriage of justice

Butts has not demonstrated cause for his failure to raise his procedurally defaulted claim on his direct appeal: he has shown no "objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 752. Although ineffective assistance of counsel may constitute cause (because the Sixth Amendment requires that responsibility for a procedural default resulting from constitutionally ineffective assistance of counsel be imputed to the state), *Carrier*, 477 U.S. at 488, Butts's argument that he received ineffective assistance of counsel when his counsel failed to raise his claim on his direct appeal was rejected by the Ohio courts. The Ohio Court of Appeals observed that Butts could have received a shorter sentence only if he had been found not guilty on both the murder and involuntary

6

manslaughter charges, that the record supported the guilty verdict on the murder charge, and that Butts could not have received a shorter sentence even if his attorney had made the constitutional arguments he raises here. The Ohio Court of Appeals's determination that there was no reasonable probability that but for counsel's alleged error the result of the proceeding would have been different, as required under the ineffective assistance of counsel analysis established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), is not contrary to, nor an unreasonable application of, clearly established federal law. Butts therefore cannot rely on his attorney's failure to raise this claim on direct appeal as cause for the procedural default.

In the absence of cause, it is not necessary to determine whether prejudice exists. *See United States v. Frady*, 456 U.S. 152, 168 (1982).

Butts has not shown that his case involves a fundamental miscarriage of justice. *See Carrier*, 477 U.S. at 496. Butts's procedural default cannot be excused.

### III. CONCLUSION

Because we affirm the dismissal of Butts's claim for procedural default, we do not address the denial of Butts's request for a stay pending exhaustion of his claim.

For the reasons discussed above, we **AFFIRM** the decision of the district court.