RENDERED: AUGUST 5, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1095-MR

MICHAEL KNIGHTS													APPELLANT

v.								APPEAL FROM JEFFERSON CIRCUIT COURT
								HONORABLE SUSAN SCHULTZ GIBSON, JUDGE
								ACTION NO. 09-CR-000199-001

COMMONWEALTH OF KENTUCKY												APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: DIXON, LAMBERT, AND McNEILL, JUDGES.

DIXON, JUDGE: Michael Knights, *pro se*, appeals from the order of the Jefferson

Circuit Court, entered on August 5, 2020, denying his motion to amend his prison

sentence pursuant to CR[1] 60.02(e) and CR 60.02(f). Following review of the

record, briefs, and law, we affirm.

---

[1] Kentucky Rules of Civil Procedure.

## FACTS AND PROCEDURAL BACKGROUND

On January 22, 2009, Knights was indicted on two counts of murder, two counts of tampering with physical evidence, one count of first-degree robbery, and one count of first-degree burglary. On February 9, 2009, the Commonwealth filed a notice of aggravating circumstances, indicating its intent to prosecute the murder counts as capital offenses. On November 20, 2009, having pled guilty to the above-mentioned charges, Knights was sentenced to a total term of life imprisonment without the possibility of parole for 25 years.

On August 17, 2012, Knights moved the trial court to vacate his judgment of conviction and sentence pursuant to RCr[2] 11.42. In his motion, Knights contended his trial counsel was ineffective for "failing to conduct an adequate investigation and failure to make adequate preparation prior to trial. Therefore, forcing and/or coercing [Knights] into entering into and taking an unintelligent and involuntary plea agreement." (emphasis omitted). Knights further alleged his counsel was ineffective by denying his request to move the trial court for competency and criminal responsibility evaluations.

On November 25, 2014, the trial court denied Knights' motion, finding his guilty plea was entered knowingly, intelligently, and voluntarily. On

---

[2] Kentucky Rules of Criminal Procedure.

December 9, 2014, Knights appealed that order. On March 14, 2016, his appeal was dismissed for failure to timely file a brief.

On July 24, 2020, Knights moved the trial court to amend his sentence pursuant to CR 60.02(e) and CR 60.02(f), alleging his sentence "resulted from an involuntary, unknowing, unintelligent guilty plea that counsel, his counsel coerced him into, without even investigating relevant defenses of any kind." Knights further asserted he should have undergone a psychological evaluation. On August 5, 2020, the trial court denied Knights' motion, finding Knights' claims "are refuted by the record, that he had the opportunity to raise this issue during his 2012 RCr 11.42 motion and did not, and that an eleven-year delay in raising this issue is unreasonable." This appeal followed.

## STANDARD OF REVIEW

This Court reviews orders on CR 60.02 motions for abuse of discretion. *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000) (citation omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citation omitted).

## ANALYSIS

On appeal, Knights argues that failure to move for relief under RCr 11.42 does not foreclose consideration of a guilty plea under CR 60.02, citing

*Wesselman v. Seabold*, 834 F.2d 99 (6th Cir. 1987). However, *Wesselman* plainly states "[t]he language of RCr 11.42 forecloses the defendant from raising any questions under CR 60.02 which are 'issues that could reasonably have been presented' by RCr 11.42 proceedings." *Id.* at 102 (quoting *Gross v. Commonwealth*, 648 S.W.2d 853, 857 (Ky. 1983)).

In the case herein, Knights presented in his RCr 11.42 motion the arguments made in his CR 60.02 motion. Thus, the trial court did not err in denying Knights' CR 60.02 motion.[3]

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Jefferson Circuit Court is AFFIRMED.

ALL CONCUR.

---

[3] We may affirm a lower court on any grounds supported by the record. *Commonwealth v. Mitchell*, 610 S.W.3d 263, 271 (Ky. 2020). "If an appellate court is aware of a reason to affirm the lower court's decision, it must do so, even if on different grounds." *Mark D. Dean, P.S.C. v. Commonwealth Bank & Tr. Co.*, 434 S.W.3d 489, 496 (Ky. 2014). Therefore, we must conclude that the trial court properly dismissed these claims.

BRIEFS FOR APPELLANT:        BRIEF FOR APPELLEE:

Michael Knights, *pro se*        Daniel Cameron
Eddyville, Kentucky        Attorney General of Kentucky

                      Jenny L. Sanders
                      Assistant Attorney General
                      Frankfort, Kentucky